UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| CHRISTINE MARGARET THOMPKE, | ) | Civil Action No.: 3:07-1079-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| | ) | |
| COUNTY OF RICHLAND, SOUTH | ) | |
| CAROLINA; CITY OF COLUMBIA, | ) | **REPORT AND RECOMMENDATION** |
| SOUTH CAROLINA; ARRESTING | ) | |
| OFFICER T.J. RIDDLE, SOUTH | ) | |
| CAROLINA HIGHWAY PATROL; | ) | |
| JOHN DOE, ASSISTING OR BACKUP | ) | |
| OFFICER TO/FOR T.J. RIDDLE, | ) | |
| SOUTH CAROLINA HIGHWAY | ) | |
| PATROL; CITY GARAGE AND | ) | |
| BODY SHOP; and ALVIN S. GLENN | ) | |
| DETENTION CENTER, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**I.     INTRODUCTION**

Presently before the Court is Defendant City of Columbia's (the City) Motion to Dismiss (Document # 121) pursuant to Rules 16, 37, and 41, Fed.R.Civ.P.  Plaintiff, who is pro se, was advised by Order (Document # 123) pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the Motion to Dismiss could result in dismissal of her Complaint.  Her response was due on or before June 24, 2008.  On June 2, 2008, Plaintiff filed[1] a Response (Document # 132) to the Roseboro Order, asserting that she had not received a copy of the Motion

---

[1] Plaintiff has noted before that she does not "file" anything because, as a pro se litigant, she does not have access to electronic case filing.  However, she submits documents to the Clerk of Court, who files them on her behalf.

to Dismiss. On June 24, 2008, the undersigned issued an Order enclosing a copy of the Motion to Dismiss[2] and giving Plaintiff until July 7, 2008, to file her response. On July 8, 2008, Plaintiff filed a Motion for Extension of Time (Document # 159) to respond to the Motion to Dismiss, arguing that she did not receive a copy of the Motion until July 3, 2008. Plaintiff filed her Response (Document # 165) on July 22, 2008. A hearing was held on the City's Motion to Dismiss, as well as other motions, on June 24, 2008. Plaintiff did not appear at the hearing.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because the pending motions are dispositive, this Report and Recommendation is entered for review by the District Judge.

## II.    PROCEDURAL HISTORY

On August 8, 2007, the City served Plaintiff with Interrogatories and a Request for Production. Ex. 1 to the City's Motion to Compel (Document # 52). On September 24, 2007, because Plaintiff had not responded to the City's discovery requests, the City sent Plaintiff a letter indicating that he would be forced to file a motion to compel if her discovery responses were not forthcoming. Ex. 2 to the City's Motion to Compel. When Plaintiff did not respond, the City filed its Motion to Compel (Document). Plaintiff did not file a response to the Motion to Compel.

On January 31, 2008, the undersigned entered an Order (Document # 58), granting the Motion to Compel and directing Plaintiff to respond to the City's discovery requests by February 15,

---

[2]It was noted in the order that counsel for the City filed a Certificate of Service indicating that the Motion to Dismiss was mailed to Plaintiff the same day it was filed. The court sent Plaintiff a copy of the Motion out of an abundance of caution.

2008.³ The Order directed Plaintiff's attention to Rule 37(b), Fed.R.Civ.P., and noted that the rule allows for dismissal of an action as a sanction for failure to abide by an order to compel. On February 20, 2008, Plaintiff filed a Motion for Extension of Time (Document # 64), asserting that she never received the City's discovery requests. However, the Interrogatories and the Request for Production each included a Certificate of Service indicating that they were mailed to Plaintiff on August 8, 2007. Furthermore, the City sent a letter to Plaintiff on September 24, 2007, regarding the discovery requests. In addition, attached to the Motion to Compel is a Certificate of Service indicating that counsel for the City served Plaintiff with the Motion to Compel the same day it was filed. The Certificates of Service and the September 24, 2007, letter each contain the same address listed by Plaintiff on her Complaint and listed in this court's docket. On April 15, 2008, Plaintiff filed a Motion to Reconsider (Document # 105) of the January 31, 2008, order, stating that she never received copies of any of the motions ruled upon in that order and, as such, was not able to respond to them.

On February 28, 2008, Defendant City Garage & Body Shop (City Garage) filed a Motion to Dismiss (Document # 67). City Garage also filed a Certificate of Service (Document # 68) indicating that the Motion to Dismiss was mailed to Plaintiff that same day. Because Plaintiff is proceeding pro se, she was advised by Order (Document # 70) pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the Motion to Dismiss could result in dismissal of her Complaint. Her response was due on April 7, 2008. On March 31, 2008, Plaintiff filed a letter (Document # 91), indicating that she did not receive a copy of the Motion to which the Roseboro

---

³The date in the Order is February 18, 2007, but clearly 2008 was the intended date.

Order dated March 3, 2008 (Document # 70) refers. However, despite this letter, on April 4, 2008, Plaintiff filed a Response (Document # 95) in opposition to the Motion to Dismiss.

On March 5, 2008, counsel for Defendant Richland County mailed Plaintiff a written notice scheduling her deposition for March 24, 2008, at his office. On March 24, 2008, Plaintiff filed copies of two letters to counsel for Richland County (Document # 82). In both letters she states that she will not be present for the deposition scheduled for March 5, 2008. In the letter dated March 18, 2008, she stated that she would not appear for any deposition absent a court order.

Also on March 24, 2008, Plaintiff filed a Motion (Document # 83), requesting that all depositions in this case "be done in written form in lieu of oral or verbal communications between me, the Plaintiff, and the Defendants in and/or for this case of mine." Plaintiff believes that this form of deposition is appropriate considering her special concerns, namely, that it will "prevent the confusion or the misconstruing of intent of words spoken by me or other parties" and "prevent inaccurate documentation of what was done and stated during the duration of the deposition." According to Plaintiff, if she was forced to attend a deposition in person, she "would have to refuse to answer the questions posed of me based on my inability to think based on the setting and the circumstances." Plaintiff also states that her life would be in danger if she traveled to South Carolina.

On March 27, 2008, Plaintiff filed another letter, dated March 23, 2008, reiterating that she was unable to appear for her deposition.

On March 31, 2008, Plaintiff filed a Motion (Document # 90) requesting an extension of time to file her Rule 26(a)(1) initial disclosures and her Rule 26(f) Report, which, pursuant to the scheduling order, were due March 25, 2008. She also requests an extension of the March 31, 2008, deadline to add parties or amend pleadings. She states in the motion that she needs more time to

complete these by the deadline because she does not have the appropriate forms or access to the local and Federal Rules of Civil Procedure.

On April 10, 2008, Plaintiff filed a copy of a letter (Document # 101) sent to counsel for Richland County, requesting an extension of time to respond to its discovery requests. On April 21, 2008, Plaintiff filed a copy of her Responses (Document # 107) to Richland County's Interrogatories. Plaintiff failed to provide any of the information requested by Richland County except for her birthdate. On May 26, 2008, Richland County filed a Motion to Compel (Document # 127).

On April 28, 2008, Plaintiff filed a Motion for Extension of Time (Document # 110) to file her expert witness disclosures. She asserts in her Motion that it is too early in the discovery process to be able to identify her expert witnesses.

On April 29, 2008, Defendant T.J. Riddle (Riddle) filed a Motion to Dismiss (Document # 111).

On May 5, 2008, Plaintiff filed another Motion for Extension of Time (Document # 114) to respond to City Garage's response to her Motion for Default Judgment. Her reply was due April 7, 2008. She filed her reply on May 8, 2008 (Document # 115).

On May 29, 2008, the undersigned issued a Notice of Hearing (Document # 130) on all pending motions, set for June 24, 2004. On June 9, 2008, Plaintiff filed a Response (Document # 136) to the Notice of Hearing. In the Response, Plaintiff requests a list of all pending motions as well as a copy of the most current Civil Docket Report. Plaintiff also asserts that she will not attend the hearing on June 24, 2008, if she does not receive the requested information at least seven days before the hearing.

On June 10, 2008, the undersigned issued an Order (Document # 138) listing the pending motions. The Order also provides, "As a pro se litigant, Plaintiff is responsible for prosecuting this action, which includes the responsibility of staying abreast of all filings and proceedings. Thus, Plaintiff is required to attend the hearing on June 24, 2008, regardless of whether she receives [the list of pending motions] within the seven day time frame. **Plaintiff is hereby advised that her failure to appear at the hearing scheduled for Tuesday, June 24, 2008, at 10:00 a.m., may result in the denial of her motions and/or a recommendation that this case be dismissed**."

On June 20, 2008, Plaintiff filed a Notice of her inability to appear at the June 24, 2008, hearing (Document # 145). In the Notice, she objects to the hearing because it was scheduled "without my prior knowledge or permission and without consultation of any sort with me." She also states numerous reasons why she is unable to appear for the hearing: her family has experienced a traumatic event, she does not have anyone to bring her to South Carolina from Michigan and walking or hitchhiking are out of the question, she does not have enough money to pay for the food or lodging that would be required if she took public transportation, she has another important activity scheduled for the date of the hearing, and she is afraid of the defendants. She specifically asks the court "to proceed with the MOTIONS HEARING that has been scheduled without requiring my appearance at or my participation in this particular hearing." Plaintiff did not appear at the hearing. Counsel for all Defendants were present. On the afternoon of June 24, 2008, after the motions hearing was held, Plaintiff filed another Notice (Document # 155) regarding the hearing in which she asks that the hearing be rescheduled.

This recitation of the procedural history in this case far from includes all of the filings made by Plaintiff in this case. This case was filed on April 4, 2007. At the time of the filing of this Report

and Recommendation, there have been 166 documents filed in this case. Thirty-four motions have been filed, 27 of which were filed by Plaintiff. The majority of Plaintiff's motions consist of motions for extension of time (Document #s 5, 64, 90,110,114,159 ), motions to waive the rules of civil procedure or to "invalidate" the scheduling order (Document #s 76, 83, 153), motions to disqualify the undersigned (Document #s 13, 30, 53), and motions to correct "errors" made in the docket (Document #s 25, 81, 97, 106, 129). In addition to the 27 motions, Plaintiff has filed 29 letters or notices to the court. Most of Plaintiff's motions, letters and notices consist of multiple, single-spaced pages of redundant and unnecessary verbiage. For example, one motion (Document # 25) requesting a proper copy of the Civil Docket Report for her case consists of ten, single-spaced pages. A motion for extension of time (Document # 90) consists of nine, single-spaced pages.

Plaintiff frequently claims that she receives documents mailed from the Clerk of Court ten or more days after it was mailed. She has also claimed on several occasions that she has not received copies of motions filed by Defendants, even though Defendants have always filed a Certificate of Service indicating that the motion was mailed to Plaintiff the same day it was filed.

## III.   DISCUSSION

In Mutual Federal Savings & Loan v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir.1989), the Fourth Circuit set forth the test a district court should use in deciding whether to impose the sanction of dismissal pursuant to Rule 37, Fed.R.Civ.P. A district court should consider (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice the noncompliance caused the adversary, which necessarily includes an inquiry into the materiality of the evidence that was not produced; (3) the need for deterrence of the particular sort of noncompliance; and (4) the

effectiveness of less drastic sanctions. Id. (citing Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 503-04 (4th Cir.1977).

Furthermore, a complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors: (1) the degree of plaintiff's responsibility in failing to respond; (2) the amount of prejudice to the defendant; (3) the history of the plaintiff in proceeding in a dilatory manner; and, (4) the existence of less drastic sanctions other than dismissal. Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

Plaintiff is proceeding pro se and is, thus, completely responsible for her actions with regard to this case. Although Plaintiff has made a multitude of filings with the court, she has failed to respond or adequately respond to discovery requests and to allow her deposition to be taken. Plaintiff seems more interested in policing the Clerk's office and monitoring the entries made in the docket than in moving forward on the merits of her claims. This is evidence that Plaintiff is acting in bad faith.

Furthermore, because of Plaintiffs' refusal to participate in discovery, Defendants have been greatly prejudiced. As noted by defense counsel in the City's Motion to Dismiss and at the hearing on June 24, 2008, although more than a year has passed since this action was filed, Defendants have not received any information from Plaintiff that they need to defend this action. This case cannot proceeded on the merits without Plaintiff's participation in the discovery process.

Plaintiff's history of proceeding in a dilatory manner is well documented by her numerous motions (and requests not made by motion) for extensions of time. In addition, shortly after she filed this case, Plaintiff filed a letter (Document # 34) labeled a "stop work order" in which she "ordered" the court to stop all court initiated action or work pertaining to her case. She claimed that the case needed to be put on hold because "I want and need time to think about what is happening. I have two (2) cases pending, with another to revive, with one (1) more yet to bring or file. I am a bit overwhelmed, starting to get confused while trying to keep the facts and records straight between the cases."[4]

Less drastic sanctions would not be effective in this case. Plaintiff has been warned numerous times that her failure to abide by court orders or respond to Defendants' motions could result in dismissal of her case, yet these warnings have failed to motivate Plaintiff to comply.

In light of Plaintiff's continuous and flagrant disregard for the authority of this court, it is recommended that the City's Motion to Dismiss (Document # 121) be granted and this case be dismissed.

---

[4] Plaintiff has filed five cases with this court, with more than 195 motions, requests, corrections, letters, notices and emails. Each case contains similar allegations of misconduct by law enforcement officials as well as others. Thompke v. Berkley County, et al, 2:07-cv-02648-TLW, is pending before the district judge on a Report and Recommendation for summary dismissal; Thompke v. North Myrtle Beach et. al., 4:05-cv-00022-TLW, was dismissed without prejudice by Plaintiff before the court authorized service on the defendants; Thompke v. Myrtle Beach Police Department, 4:05-cv-00309-TLW, was dismissed without prejudice by Plaintiff before the court authorized service on the defendants; and summary judgment for the defendants was granted in Thompke v. Myrtle Beach, City, et. al., 4:05-cv-00452-TLW. Plaintiff appealed this decision to the Fourth Circuit but the appeal was dismissed as untimely. This last case is similar to the present case in that it has a total of 243 filings, including 94 motions, requests, letters, emails, and notices, 28 of which were filed after summary judgment was entered. The docket sheet also notes that Plaintiff made approximately 26 phone calls to the clerk's office, some of which were an hour in length.

If the district judge declines to adopt the above recommendation, City Garage's Motion to Dismiss (Document # 67) and Plaintiff's Motions for Default Judgment (Document #s 69, 134, 137) are addressed below.

## IV.     CITY GARAGE'S MOTION TO DISMISS AND PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT AGAINST CITY GARAGE

City Garage's Motion to Dismiss and Plaintiff's Motions for Default Judgment against City Garage are related and, thus, will be discussed together. Plaintiff filed her Complaint (Document # 1) on April 20, 2007. Pursuant to 28 U.S.C. § 1915, an initial review was conducted and, on May 23, 2007, the Court issued an Order (Document # 19) authorizing service of process on City Garage, among other Defendants. The Order directs the United States Marshal to serve the pleadings. On June 11, 2007, a Process Receipt and Return (Document # 28) was filed, indicating that City Garage was served on May 31, 2007. It further indicates that the pleadings were sent by certified mail on May 30, 2001, and it includes a copy of the Return Receipt card. The signature on the card appears to be that of Christine Stone.

City Garage moves to dismiss Plaintiff's Complaint for insufficient process and insufficient service of process, pursuant to Rules 12(b)(4) and 12(b)(5), Fed.R.Civ.P. According to City Garage, it received only a Summons by regular mail with no Complaint attached.

Plaintiff moves for default judgment as to City Garage for its failure to file an answer. As noted above, City Garage asserts that it did not receive a copy of the Complaint and that the Summons was sent by regular mail. Paul Kauffman, a principal in City Garage, filed an affidavit (Document # 87) in which he states that he has not been served by registered mail with a Summons and Complaint, nor has a United States Marshal served him. Christine Stone also provided an affidavit (Document # 154), in which she states, "Sometime in the Spring or Summer of 2007 I arrived at work at or about

8:00 a.m. A gentleman who appeared to be employed by law enforcement was at my work place. The wrecker drivers present told me to sign for what he had. The law enforcement officer instructed me likewise. I signed something. I laid the package on the desk and did nothing more with it. I do not know what happened to the package. Subsequently I sent correspondence to the clerk of court." She also asserts that she is an administrative assistant for City Garage and she has never been instructed or authorized by her employer to accept service on behalf of the company.

On June 7, 2007, the Court received a Letter (Document # 27) from Christine Stone, in which she identifies her self as the Office Manager at City Garage, stating,

> I am responding to the civil case number 3:07-CV-1079 with the plaintiff being Christine Margaret Thompke. We received this vehicle April 20 2004 as result of a traffic stop. As the car was stored in our lot the plaintiff Christine Thompke came to our office many times to retrieve all of her personal belongings, we then let her get her items out of the vehicle. The last known address she told us she had was under the Gervais street Bridge. As a result of her not paying the tow bill and storage we did out legal paper work with the honorable Judge Golie Augustus with the Columbia Magistrate Court on 1731 Laurel Street in Columbia SC 29201. The case was then sold in the public auction. Therefore we have no responsibility in this case.

Plaintiff argues in her Response to City Garage's Motion that Ms. Stone would not have been able to write such a letter had she not known of the contents of the Complaint.

Although it appears from the record that City Garage was served with the Summons and Complaint, it is unclear as to whether such service was proper in light of the fact that Ms. Stone signed for the pleadings. City Garage does not address this issue except through the filing of the affidavit of Ms. Stone.

At the hearing on June 24, 2008, counsel for City Garage argued that if the court were inclined to find City Garage to be in default, it would ask the court to set aside any entry of default because the failure to file an answer was due to excusable neglect and it has a meritorious defense

to the claims asserted by Plaintiff in that they legally disposed of Plaintiff's vehicle when she failed to pay the towing and storage bill.

Rule 55(c), Fed.R.Civ.P., states, "For good cause shown the court may set aside an entry of default ...." Rule 60(b)(1), Fed.R.Civ.P., provides for relief from default judgment for "mistake, inadvertence, surprise, or excusable neglect." Rule 55(c) permits a court to set aside an entry of default for good cause. Fed.R.Civ.P. 55(c). "Federal Rule of Civil Procedure 55(c) must be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir.1987) (internal quotation marks omitted). "Although the criteria set forth in Rule 60(b) may be relevant to the determination of the presence of good cause, the standard for good cause under Rule 55(c) [for relief from entry of default] is more liberal than the standard for relief from judgment under Rule 60(b)." Philips v. Weiner, 103 F.R.D. 177, 181 (D.C.Me.1984) (internal quotation marks and citations omitted); see also Coon v. Grenier, 867 F.2d 73, 76 (1st Cir.1989). The undersigned finds that City Garage has presented a meritorious defense and has established good cause for its failure to file an answer. Thus, Plaintiff's Motions for Default Judgment (Document #s 69, 134, 137) should be denied.

**VI.     CONCLUSION**

In light of the above analysis, it is recommended that the City's Motion to Dismiss (Document # 121) be granted and this case be dismissed pursuant to Rules 37 and 41, Fed.R.Civ.P. In the alternative, it is recommended that City Garage's Motion to Dismiss (Document # 67) be denied and Plaintiff's Motions for Default Judgment (Document #s 69, 134, 137) be denied. If the district judge adopts this alternative recommendation, City Garage should be directed to file an Answer within twenty days of the date of the district judge's order.

                                               s/Thomas E. Rogers, III
                                               Thomas E. Rogers, III
                                               United States Magistrate Judge

July 29, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the following page.**

-13-